**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CYNTHIA VAUGHN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:17-CV-56 NAB |
| ANDREW M. SAUL[1], Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Cynthia Vaughn's ("Vaughn") appeal regarding the denial of supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will reverse the Commissioner's decision and remand this action.

**I.     Issues for Review**

Vaughn presents two issues for review. First, she asserts that the ALJ failed to consider whether to use the older age category under the Medical-Vocational Guidelines. Second, she asserts that the ALJ's residual functional capacity ("RFC") determination that she could perform

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

the full range of sedentary work was not supported by substantial evidence. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II.      Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v.*

*Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).

### III.  Background

Vaughn alleged disability due to back and neck problems, migraine headaches, knee problems, osteoarthritis, degenerative disc disease, and hearing loss in her right ear. (Tr. 148.) Before she stopped working, she worked as a dishwasher, cook, night secretary, and janitor. (Tr. 181.) Vaughn applied for benefits on April 24, 2014. (Tr. 111-31.) At the time of her application, she was 47 years old. At the time of the ALJ's decision, she was 70 days short of her 50th birthday.

This case was originally filed in this court on April 13, 2017. The Commissioner was unable to locate the administrative record at that time and the Court remanded this action so that the administrative record could be located on July 17, 2017. [Doc. 15.] The administrative record was later found and this action was re-opened on March 20, 2019. [Doc. 18.]

### IV.  Discussion

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). The ALJ found that Vaughn had not engaged in substantial gainful activity since the date of her application on April 24, 2014. (Tr. 19.)

Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 416.920(a)(4)(ii). The ALJ determined that

Vaughn had the following severe impairments:  osteoarthritis of the knees, history of headaches, degenerative disc disease of the cervical spine, and chronic obstructive pulmonary disease ("COPD").  (Tr. 19.)  The ALJ determined that Vaughn's obstructive sleep apnea, carpal tunnel syndrome, celiac disease, and depression were not severe impairments.  (Tr. 19.)

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations.  20 C.F.R. § 416.920(a)(4)(iii).  The ALJ determined that Vaughn did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  (Tr. 23.)

Fourth, if the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work.  20 C.F.R. § 416.920(e).  The ALJ then determined that Vaughn had the RFC to perform the full range of sedentary work.  (Tr. 23.)  After RFC is established, the claimant must establish that the impairment prevents him or her from doing past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  Vaughn did not have any past relevant work.  (Tr. 26.)

Therefore, the analysis proceeded to step five.  At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy.  *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000).  If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 416.920(a)(4)(v).

"The medical-vocational guidelines, or grids, 'are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability.'"  *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (citing *McCoy v. Astrue*, 648 F.3d 605, 613 (8th Cir. 2011)).  "The grids come into play at step five of the analysis, where the burden shifts to the Commissioner to show

that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience." *Phillips*, 671 F.3d at 702 (citing *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001)). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either disabled or not disabled) directed by the relevant Rule or line of the applicable Table." *Phillips*, 671 F.3d at 702 (quoting *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)).

There are three age categories: a younger person (under age 50), a person closely approaching advanced age (ages 50-54), and a person of advanced age (age 55 and older). *See* 20 C.F.R. 416.963(c)-(e). The regulations direct that the age categories not be applied mechanically in a borderline situation. 20 C.F.R. § 416.963(b). "If a claimant is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that the claimant is disabled, the agency will consider whether to use the older age category after evaluating the overall impact of all the factors of the claimant's case." *Phillips*, 671 F.3d at 702. "To determine whether to apply the claimant's chronological age or the higher age, the Council adopted a sliding scale approach whereby the claimant must show progressively more additional vocational adversity(ies)- to support use of the higher age- as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Id.* "If the claimant does not show "additional adversities justifying use of the higher age category the adjudicator will use the claimant's chronological age- even when the time period is only a few days and the adjudicator need not explain his use of the claimant's chronological age." *Id.*

If the medical-vocational guidelines do not apply, the Commissioner can rely on the testimony of a vocational expert to carry the burden of proof of showing that jobs exist in the national economy that a claimant can perform. *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). "If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 416.920(a)(4)(v).

In this case, the ALJ found that Vaughn was a younger aged individual, because she was 47 years old on the date that the application was filed. (Tr. 26.) Vaughn contends because she turned 50 years old two months after the ALJ's decision, the ALJ should have determined whether her case should be considered a borderline case and whether this warranted moving up her age category. If the ALJ ultimately had determined that Vaughn's case was a borderline case that warranted changing her age category, along with her eighth grade education, lack of past relevant work, and no transferrable skills under Rule 201.10 of Table 1, she would have been found disabled under the Medical-Vocational Guidelines. Further, the ALJ did not mention that she was within two months of the closely approaching age category at the time of the decision. The Commissioner responds that the ALJ considered Vaughn was entitled to a change in age category, because he specifically referenced Vaughn's birth date and that she was 47 years old at the time of her application. (Tr. 26.) The Court notes the ALJ also cited the relevant regulation, 20 C.F.R. § 416.963. (Tr. 26.)

Based on the foregoing, the Court will reverse the Commissioner's decision and remand this action for further proceedings. The case law in the Eighth Circuit is clear. Simply noting a claimant's age, her current age category, and the relevant regulation is not sufficient to demonstrate that the ALJ considered whether the borderline situation warranted moving Vaughn to the next category. *See Phillips*, 671 F.3d at 706-707. "In a case in which the claimant's age

6

indicates he or she might well fall within a borderline category, the ALJ's failure to note that the ALJ has considered whether a claimant falls into a borderline category, and if so, whether bumping up the claimant is warranted, constitutes a failure to offer findings of fact and reasons for the decision." *Phillips*, 671 F.3d at 707.  Because the Court cannot determine from the record if the Commissioner considered whether Vaughn should be moved to a higher age category, substantial evidence does not support the Commissioner's decision. *See Wright v. Saul*, No. 1:18-CV-291 SPM, 2020 WL 1158136 at *4 (E.D. Mo. Mar. 10, 2020) (substantial evidence to support decision not found when opinion is silent about whether ALJ considered claimant's case a borderline case); *Woods v. Saul*, No.  4:18-CV-1431 CDP, 2019 WL 4169356 at*4 (E.D. Mo. Sept. 3, 2019) (case remanded because ALJ's decision silent regarding whether ALJ considered case a borderline case).

Finally, the Court notes that the Appeals Council denied Vaughn's request for review and commented on Vaughn's borderline age situation.  (Tr. 13A-13C.)  In its opinion, the Appeals Council wrote "We considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category."  (Tr. 13B.)  If the Appeals Council grants review, its decision, absent a remand to the ALJ, becomes the Commissioner's final agency action that is subject to judicial review.  *Wright*, 2020 WL 1158136 at *5 (citing *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).  In this case, because the Appeals Council denied review, the ALJ's decision is the final decision of the Commissioner. *See* 20 C.F.R. 416.1481 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised.").  Therefore, this Court may only review that

decision, not the Appeals Council's non-final administrative decision.  See *Wright*, 2020 WL 1158136 at *5, *Woods*, 2019 WL 4169356 at*4.

Because the Court is remanding this action to the Commissioner for further proceedings on the borderline age issue, the Court will not address Plaintiff's second argument regarding the residual functional capacity determination.  In summary, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**.  [Docs. 1, 22.]

**IT IS FURTHER ORDERED** that the ALJ's decision of June 24, 2016 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand, the ALJ shall consider whether Plaintiff's age category should be considered a borderline case and, if so, whether Plaintiff's age category should be changed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

　　　　　　　　　　　　　　　　　　　　/s/ Nannette A. Baker
　　　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of July, 2020.

8