# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-56 NAB |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for an Award of Attorney's Fees and Other Expenses Under the Provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 30.]  Plaintiff requests fees in the amount of $3,850.54 for 12.65 hours of attorney work between 2017 and 2020, 15.15 hours of paralegal work, and costs in the amount of $142.39.  Defendant Andrew M. Saul, Commissioner of Social Security, does not object to Plaintiff's request for attorney's fees and costs, nor the amount requested.  [Doc. 32.]  Based on the following, the Court will award Plaintiff attorney's fees and costs in the amount of $3,850.54.

## I.      Factual and Procedural Background

Plaintiff Cynthia Vaughn filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for supplemental security income under the Social Security Act.  [Doc. 1.]  On July 28, 2020, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g).  [Docs. 28, 29.]  Plaintiff filed a request for attorney's fees under the EAJA on October 7, 2020.  [Doc. 30.]  Defendant filed a response on October 19, 2020.  [Doc. 32.]

## II.     Standard of Review

"A court shall award to a prevailing party . . . fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action.  28 U.S.C. § 2412(d)(1)(B).  The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought.  *Id.*  "In sentence four [remand] cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the Court and the appeal period has run so that the judgment is no longer appealable."  *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court."  *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (citing *Sullivan v. Hudson,* 490 U.S. 877, 886–87 (1990); *Swedberg v. Bowen,* 804 F.2d 432, 434 (8th Cir.1986)(plaintiff must have received some, but not necessarily all benefits sought in the

action)).   "Obtaining a sentence-four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status."  *Shalala v. Schaefer*, 509 U.S. 12.652, 302 (1993).

## III.   Discussion

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter.  First, Plaintiff is a prevailing party in this action, because she has obtained a reversal of the Commissioner's denial of her application for benefits. [Doc. 28.]

Second, Plaintiff's application for attorney's fees is reasonable.   Plaintiff requests attorney's fees in the amount of $3,780.15 for 12.65 hours of attorney work and 15.15 hours of paralegal work between 2017 and 2020.  Plaintiff includes an itemized statement from her attorney stating the actual time expended and the rate at which the attorney's fees were computed. Therefore, the Court will award Plaintiff attorney's fees for a total of 12.65 hours of attorney work and 15.15 hours of paralegal work.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).   "In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved."  *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009).   "The decision to increase the hourly rate is at the discretion of the district

court." *Id.* at *2.  "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective and the period of time between 2017 and 2020.  Plaintiff suggests that the calculation for attorney's fees be made at the following rates:

| Year | Hourly Rate based on Consumer Price Index | Number of Hours |
|------|-------------------------------------------|-----------------|
| 2017 | $196.00 | 2.25 |
| 2018 | $202.00 | 0.60 |
| 2019 | $205.00 | 9.10 |
| 2020 | $206.00 | 0.70 |

Plaintiff seeks compensation for paralegal fees in the amount of $75.00 per hour for 15.15 hours of paralegal work.  Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice.  Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and a total attorney's fee award of $3,780.15 is reasonable.  As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified.  Plaintiff's application for fees was timely filed.  Therefore, the Court will award Plaintiff $3,780.15 in attorney's fees for 12.65 hours of attorney work and 15.15 hours of paralegal work between 2017 and 2020.

Plaintiff also seeks costs in the amount of $142.39 for copies for medical records.  "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs

incurred by such party in the litigation."  28 U.S.C. § 2412(a)(1).  Based on the foregoing, the Court will award Plaintiff $142.39 for reimbursement of costs.

Plaintiff has submitted an affidavit assigning any award she may receive under the EAJA to her counsel of record.  The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney.  *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)).  Awards of attorney fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589.  Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned her right to the award to her attorney.  Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

## IV.    Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees and costs in the amount of $3,850.54.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees and Other Expenses Under the Provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412 is **GRANTED**.  [Doc. 30.]

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff, attorney's fees and costs in the amount of $3,850.54, subject to any pre-existing debt that the Plaintiff owes the United States and the check should be mailed to Plaintiff's counsel Stephanie

Bartels at Wallace, Bartels, Sherman, and Wallace, PLLC, P.O. Box 1640, Jonesboro Arkansas 72403-1640.

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of November, 2020.